THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JOYCE HAINEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-4173-CV-C-NKL |
| ) | |
| ALANA M. BARRAGAN-SCOTT, ) | |
| Acting Director of the Missouri Department ) | |
| of Revenue, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Pending before the Court is a Motion to Dismiss filed by Defendant Alana Barragan-Scott ("Defendant") [Doc. # 5] and a Motion for Judgment on the Pleadings [Doc. # 11] filed by Plaintiff Joyce Hainen ("Hainen"). On August 26, 2009, Hainen, on her own behalf, filed a two-count Complaint against Alana Barragan-Scott, Director of the Missouri Department of Revenue,[1] seeking damages for violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for allegedly interfering with Hainen's rights to leave under the FMLA on account of her own illness. Hainen also alleges that Barragan-Scott violated her rights under 42 U.S.C. § 1983 by terminating her for utilizing and requesting medical leave

---

[1]Hainen confusingly names the defendant in this case as "Defendant the State of Missouri, Alana Barragan-Scott, Director of Revenue, of the State of Missouri." [Doc. # 13]. She does not name multiple defendants, but consistently refers to this defendant in the singular. No where in her Complaint does Hainen assert that she is suing Barringer-Scott in her personal capacity. Accordingly, the Court interprets this language to mean Hainen is suing only Defendant Barragan-Scott in her official capacity as the Director of Revenue for the State of Missouri.

under the FMLA. For the reasons stated below, the Court grant's Defendant's Motion to Dismiss [Doc. # 5] and denies Plaintiff's Motion for Judgment on the Pleadings [Doc. # 11] as moot.

I. **Background**

The following facts are taken from Hainen's Amended Complaint [Doc. # 13] and are assumed true for purposes of this motion to dismiss. Hainen was employed as an attorney in the Legal Services Division of the Missouri Department of Revenue from June 1997 until her termination on August 31, 2007.

Hainen alleges that on May 16, 2006, she submitted to her employer a request for leave pursuant to the FMLA, along with a certification by her physician, for medical treatment to be taken intermittently. On May 19, 2006, she was granted medical leave for a serious health condition from May 16 through June 15, 2006. Subsequently, Hainen received approval for intermittent leave from May 15, 2006 through May 15, 2007. On May 2, 2007, Hainen provided additional medical leave documentation. However, her employer sought additional information from Hainen's physician, which Hainen provided to her employer. On August 31, 2007, Hainen filed a request for FMLA leave related to her certification provided by her physician in May 2007 for treatment that was to begin in September. On this same date, Hainen was terminated from her employment. Defendant seeks dismissal of both counts alleged in Hainen's Complaint, asserting that she is entitled to sovereign immunity as a matter of law.

II. **Discussion**

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, the Court need not accept as true legal conclusions in the Complaint. *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). A plaintiff must allege enough facts to "nudge" its claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether a complaint states a claim for relief, a "context-specific" analysis is required and the reviewing court must "draw on its judicial experience and common sense." *Ashcroft*, 129 S. Ct. at 1950.

### A. FMLA Claim

Defendant seeks to dismiss this case based on sovereign immunity. Defendant argues that she is being sued in her official capacity as the Director of Revenue for the State of Missouri and that, as a matter of law, she is immune from suits in this Court alleging violations of FMLA's self-care provisions. Hainen responds that Barragan-Scott is "a person" and that while she is an employee, "she is not the State of Missouri."

Precedent for the Eighth Circuit dictates that Hainen's Complaint must be dismissed based on sovereign immunity. The Eighth Circuit has held that the FMLA does not abrogate the states' Eleventh Amendment immunity. *See Townsel v. Missouri*, 233 F.3d 1094 (8th Cir. 2000). However, *Townsel* was overturned in part by the Supreme Court's decision in *Nevada Department of Human Resources v. Hibbs*, 538 U.S. 721 (2003), which held that the family-care provisions of the FMLA abrogated the states' Eleventh Amendment immunity. The court in *Hibbs* did not address the issue of self-care provisions of the FMLA. However,

the Eighth Circuit has subsequently held that self-care provisions of the FMLA do not abrogate the states' immunity. *See Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007); *McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875, 877 (8th Cir. 2007).

Missouri has not consented to be sued in federal court for alleged violations of the FMLA's self-care provisions. Hainen argues in her reply to her Motion for Judgment on the Pleadings that Missouri has waived its right to immunity because the Missouri Department of Revenue references the FMLA on its website and because it granted Hainen leave. The court in *McKlintic* has addressed this issue and held that even though a state offers FMLA leave, "a state's grant to an employee of a substantive right with no mention of whether that right can be enforced against the state in federal court does not effect a waiver of the Eleventh Amendment immunity." 508 F.3d at 877.

Although Hainen argues that Barrgan-Scott is "a person" and not the State of Missouri, this argument also fails because she has sued Barragan-Scott in her official capacity. *See Egerdahl v. Hibbing Comty. College*, 72 F.3d 615, 620 (8th Cir. 1995) (A plaintiff's complaint must "contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient."). Accordingly, Defendant is entitled to sovereign immunity and Hainen's claim under the FMLA is dismissed.

**B.    Section 1983 Claim**

Hainen seeks the same relief under her section 1983 claim as her FMLA claim. Indeed, her section 1983 claim is based upon her alleged termination for taking FMLA leave. The remedies set forth under the FMLA are the exclusive remedies for a violation of the FMLA. *See* 29 U.S.C. 2617; *see also Lucht v. Encompass Corp.*, 491 F. Supp. 2d 856, 866 (S.D. Iowa 2007); *O'Neill v Major Brands, Inc.*, 2006 WL 1134476, at *2 (E.D. Mo. 2006).

**III. Conclusion**

Accordingly, it is hereby ORDERED that Alana Barragan-Scott's Motion to Dismiss [Doc. # 5] is GRANTED. Because the Court dismisses this case, Hainen's Motion for Judgment on the Pleadings [Doc. # 11] is DENIED as moot.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 20, 2010
Jefferson City, Missouri